IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:07CV297-1-T
(1:04CR84)

| | |
|---|---|
| **MARCOS GONZALEZ-DELGADO,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence, filed August 27, 2007.

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. **28 U.S.C. § 2255.** However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.** The Court, having reviewed the record of criminal proceedings, enters summary dismissal for the reasons stated herein.

## I. PROCEDURAL HISTORY

On August 24, 2004, Petitioner was charged by bill of indictment with conspiracy to possess with intent to distribute at least 1.5 kilograms of methamphetamine ("ice") and possession with intent to distribute at least 1.5 kilograms of methamphetamine ("ice") in violation of 21 U.S.C. §§ 846 and 841(a)(1). **Bill of Indictment, filed August 24, 2004.** After a jury trial, the Petitioner was convicted on both counts. **Verdict Sheet, filed November 8, 2004**. On June 17, 2005, the undersigned sentenced Petitioner to a total sentence of 300 months imprisonment. **Judgment of Conviction in a Criminal Case, filed July 12, 2005**. On June 23, 2005, Petitioner filed a Notice of Appeal. **Notice of Appeal, filed June 23, 2005**. Petitioner argued on appeal that he had received ineffective assistance of counsel; the district court erred in denying his motion for a judgment of acquittal on the conspiracy charge; the district court erred in sentencing him pursuant to the 2004 edition of the United States

Sentencing Guidelines; that the district court erred by not granting him a reduction for being a minimal participant; and the district court erred in denying him an opportunity to testify at his sentencing hearing.  On August 21, 2006, the Fourth Circuit Court of Appeals affirmed the Petitioner's sentence and conviction.  ***United States v. Gonzalez-Delgado***, **195 F. App'x 120 (4th Cir. 2006)**.

On August 27, 2007,  Petitioner timely filed his § 2255 motion alleging that, 1) he received ineffective assistance of trial counsel;  2) the Court erred in denying his motion to dismiss the conspiracy count;  3) the Court erred in refusing to use the 2003 version of the United States Sentencing Guidelines; and 4) the Court erred in refusing to allow Petitioner to testify at his sentencing hearing.

## II.  DISCUSSION

### A.  Petitioner Cannot Raise Claims Decided on Direct Appeal

On direct appeal, Petitioner challenged the denial of his motion for acquittal, the issue regarding the use of the 2003 Sentencing Guidelines, and the Court's alleged refusal to allow Petitioner to testify at his sentencing hearing.  The Fourth Circuit denied all three of these claims.

*Id.* at 122-23.  The Fourth Circuit's ruling precludes this Court's review of these same claims.  **See Boeckenhaupt v. United States**, 537 F.2d 1182, 1183 (4th Cir. 1976) (issues fully litigated on direct appeal may not be relitigated in a subsequent § 2255 action).

## B.  Ineffective Assistance of Counsel

In considering Petitioner's claims that he has not received adequate assistance of counsel,

> [f]irst, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

**Strickland v. Washington**, 466 U.S. 668, 686 (1984).  Unless a defendant makes both showings, his claim of ineffective assistance of counsel must fail.  *Id.*  Thus, a defendant must show that counsel's performance fell below objective standards of reasonableness and, that but for his conduct, there was a reasonable probability the result would have been different.  *Id.*, at 688; **Hill v. Lockhart**, 474 U.S. 52 (1985); **Fields v. Attorney Gen.**, 956 F.2d 1290, 1297 (4th Cir. 1992) (In order to obtain relief from a

**guilty plea on the basis of ineffective assistance of counsel, a defendant must show both that counsel was incompetent and but for that incompetence, he would not have pled guilty.).** If the defendant fails to make the first showing, there is no need to consider the second. *Id.*

Petitioner alleges that his trial counsel was ineffective for failing to file a motion to suppress challenging the constitutionality of the search of Petitioner's automobile. After reviewing the record, the Court concludes that Petitioner has failed to establish that he was prejudiced by his counsel's failure to file a motion to suppress because the motion would not have been granted in any event.

The Government called as a witness Ray Herndon, a trooper with the North Carolina State Highway Patrol, who stopped the Petitioner and his companion for a traffic violation and subsequently searched Petitioner's car. **Transcript of Jury Trial, filed December 13, 2004, at 27-28.** In the course of issuing the citation, Trooper Herndon noticed extreme nervousness on the part of the Petitioner. *Id.* **at 32.** After receiving conflicting stories about their trip from Petitioner and his passenger, the officer asked Petitioner to search the vehicle utilizing a Patrol issued K-9 drug sniffing dog. *Id.* **at 40.** Petitioner provided both verbal and written

consent to conduct the search. *Id.* **at 40-41.** The K-9 dog with the officer immediately "hit" upon the right front side of the car and the dog jumped up onto the car and placed his head in the open window. *Id.* **at 46-47.** At that point, the officer placed the dog in the car where he immediately buried his head down "in the center console, under where the radio and the heater controls would be," in the "dash area" of the car. *Id.* **at 47-48.** The dog was then removed from the interior of the car and the officer searched again around the perimeter of the car, under the hood of the car, and in other common locations of the car where drugs might be hidden. The dog was then reintroduced to the car and he tore the right air conditioning vent off the dash. *Id.* **at p. 52.** The officer testified that the dog's actions indicated drugs were present in that location. *Id.* At that time, the officer removed the glove box and saw two heat-sealed packages up in the dash. *Id.* **at 53.** The above-described conduct of the officer was not unconstitutional. Petitioner was stopped for a valid traffic reason. **See** ***United States v. Hassan El*, 5 F.3d 726, 730 (4th Cir. 1993) (observation of traffic violation gives an officer probable cause to stop the driver).** The officer, after observing Petitioner's suspicious behavior and conflicting responses, asked if he could ask Petitioner a few more questions and

Petitioner gave his consent. **See United States v. Brugal, 209 F.3d 353, 358-59 (4th Cir. 2000) (a reasonable suspicion determination based upon a totality of the circumstances following a *Terry*[1] stop permits further questioning).** During the subsequent exchange, Petitioner consented, verbally and in writing, to a search of the car. **See United States v. Meikle, 407 F.3d 670, 673 (4th Cir. 2005) (once search becomes consensual *Terry* analysis does not apply).** Only, after the dog gave a strong indication to indicate the presence of drugs did the officer remove the glove box and determine the reason for the dog's actions. Probable cause was established by Petitioner's nervous behavior and conflicting responses coupled with the dog's reaction while inside the vehicle. **See United States v. Jeffus, 22 F.3d 554, 557 (4th Cir. 1994) (positive alert by dog provided probable cause to search automobile).** A motion to suppress would not have prevailed and Petitioner was not prejudiced by his counsel's failure to file such a motion.

Petitioner also alleges that his counsel was ineffective for informing the jury during *voir dire* and while cross-examining the police officer that Petitioner was an illegal immigrant. Petitioner asserts that his counsel

---

[1] **Terry v. Ohio, 392, U.S. 1 (1968).**

should have filed a motion in limine to keep his illegal status from becoming an issue.

Petitioner provides no grounds upon which his counsel could have moved to suppress the fact that Petitioner was an illegal immigrant. Moreover, courts must be highly deferential to strategic choices made by trial counsel. **Strickland, supra.** Every effort must "be made to eliminate the distorting effects of hindsight[.]" **Id.** During cross-examination of the police officer, defense counsel attempted to show that Petitioner's extreme reaction to the traffic stop was most likely a byproduct of his illegal status. **Trial Transcript,** *supra***, at 61-62.** This strategic decision by counsel is not a basis for finding that Petitioner's counsel was ineffective. Nor does Petitioner establish that but for his counsel's reference to his illegal status a reasonable probability exists that the outcome of his trial would have been different. As such, Petitioner has also failed to establish that he was prejudiced by this alleged error of his trial counsel.

Petitioner also alleges trial counsel was ineffective for failing to introduce into evidence the plea agreement entered into by his co-

defendant who was testified against him.[2]  Again at a minimum, Petitioner cannot establish that he was prejudiced.  Petitioner has not established that a reasonable probability exists that but for this alleged error, the outcome of his trial would have been different.  That is, the evidence against Petitioner was overwhelming.  The introduction into evidence of the existence of the plea agreement would not have been sufficient to overcome the testimony of the officer who searched the car.  Moreover, the Court notes that it is not unusual for witnesses at a drug trial to have plea agreements with the Government and it is not unusual for defendants to be convicted in such cases with much less evidence than that presented against Petitioner.  Consequently, Petitioner has not established that he was prejudiced by his counsel's failure to introduce into evidence the existence of the plea agreement.

Petitioner also alleges that his counsel was ineffective for failing to challenge the testing methods or methods of determining the weight of the substance found during the search of the car.  Petitioner fails to provide

---

[2]  The Court notes that prospective jurors were informed by the Government during *voir dire* that Petitioner's co-defendant had entered into a plea agreement, and that as part of that plea agreement, he was required to testify as the Government's witness in Petitioner's trial if requested to do so.  **Trial Transcript, at 12-13.**

any evidence that such challenges would have been successful.  Without such evidence, Petitioner's conclusory allegations are without merit.

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to vacate, set aside, or correct sentence is **DENIED**.   A Judgment dismissing this action is filed herewith.

Signed: October 15, 2007

Lacy H. Thornburg
United States District Judge