IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL NO. 1:04CR84

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| VS. ) | **O R D E R** |
| ) | |
| ) | |
| MARCOS GONZALEZ-DELGADO ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendant's "Rule 12(b)(2) Jurisdictional Defective Indictment Objection Motion," and accompanying memorandum filed July 11, 2008. The "motion" is denied.

The Defendant was charged by indictment with conspiracy to possess with intent to distribute methamphetamine and possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1). **Bill of Indictment, filed August 24, 2004, at 1-2.** After a jury trial, the Defendant was convicted of both charges. **Verdict Sheet, filed November 8, 2004.** The Defendant was sentenced to 300 months imprisonment on June 17, 2005. **Judgment in a Criminal Case, filed July 12, 2005, at 2.** Defendant appealed his conviction and sentence and

such were affirmed by the Fourth Circuit Court of Appeals. ***United States v. Gonzalez-Delgado***, **195 F. App'x 120, 123-24 (4th Cir. 2006).**

On August 27, 2007, the Defendant timely filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence arguing, in large part, the claims he had presented on appeal as well as asserting claims of ineffective assistance of counsel. Finding that claims presented on appeal were procedurally barred and that his counsel was not ineffective, the Defendant's § 2255 motion was denied and dismissed. **Memorandum and Order, Judgment, filed October 15, 2007.** He did not appeal the Court's Judgment.

Defendant now moves the Court to vacate his conviction pursuant to Fed. R. Crim. P. 12(b)(2)[1] because the indictment failed to charge an "essential element" of the offense and failed to "show federal prosecutorial subject matter jurisdiction." **Defendant's Motion, at 4.** Defendant argues that Counts One and Two of the indictment should have included the allegation, or "essential element," that the drug offenses must have

---

[1] The Court notes this Rule does not provide the relief Defendant seeks. However, because the Court denies the Defendant's motion as being without merit, the fact that the incorrect Rule is cited is of no consequence.

affected interstate or foreign commerce in order for the Court to have subject matter jurisdiction.  *See* **Defendant's Memorandum, at 4.**

However, unlike other federal statutes dealing with racketeering or mail or wire fraud, the Controlled Substances Act contains no requirement that interstate or foreign commerce be affected in order that illegal drug activity may be prosecuted in a federal court.  Section 846 of Title 21, United States Code, states:

> Any person who attempts or conspires to commit any offense defined in [Section 841] shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

**21 U.S.C. § 846.**  Section 841 states, in pertinent part:

> it shall be unlawful for any person knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance[.]

**21 U.S.C. § 841(a)(1);** *compare with* **18 U.S.C. 1951(a) ("Whoever in any way or degree obstructs, delays, or *affects commerce* or the movement of any article or commodity *in commerce*, by robbery . . .") (emphasis added).**  Additionally, in ruling on his appeal, the Fourth Circuit, rightly so, did not include the interstate commerce element in the list of essential elements the Government was required to prove in order for the

jury to find the Defendant guilty of the conspiracy charge contained in Count One.

> To prove conspiracy to distribute a controlled substance, the Government must establish that: (1) two or more persons agreed to distribute the substance; (2) the defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily became part of the conspiracy.

***Gonzalez-Delgado*, 195 F. App'x at 122.** Likewise, it was not necessary for the Government to prove an interstate commerce nexus with regard to the charge contained in Count Two. Therefore, the Court finds the Defendant's motion not only to be a vain attempt at securing relief previously denied in post-conviction proceedings, but to be completely without merit.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Rule 12(b)(2) Jurisdictional Defective Indictment Objection Motion" is hereby **DENIED**.

Signed: July 17, 2008

_____
Lacy H. Thornburg
United States District Judge